IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                  CRIMINAL ACTION NO. 2:96-00066

**CHARLES DOGAN, JR.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's motion and second motion to modify sentence, filed on March 31 and June 25, 2008, respectively, pursuant to 18 U.S.C. § 3582(c)(2).  The motions to modify sentence are based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The April 9, 1997, Judgment reveals defendant was sentenced to a 288-month term of imprisonment (plus an additional 24 months imprisonment for a supervised release violation in another case). The defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).[1]

---

[1] Paragraph 28 of the presentence report ("PSR") provides as follows:

> The guideline for a violation of 21 USC § 841(a)(1) possession with intent to distribute cocaine base, is found at USSG § 2D1.1. The total amount of cocaine base attributed to the defendant including relevant conduct is 576.42 grams . . . . Pursuant to USSG § 2D1.1(c)(2), offenses involving at least 500 grams but less than 1.5 kilograms of cocaine base establishes a base offense level of thirty-six.

PSR ¶ 28. In paragraph 36, the PSR calculates the total offense level at 36 inasmuch as the defendant did not receive a reduction for acceptance of responsibility. (Id. ¶ 35). Paragraph 35 of the PSR provides as follows:

> The defendant is a career offender as defined in U.S.S.G. § 4B1.1. Because the defendant's statutory maximum is greater than 25 years but less than life imprisonment, the defendant's base offense level, pursuant to U.S.S.G. § 4B1.1, shall be 34. Nevertheless, because the defendant's calculated base offense level, including relevant conduct enhancements, is greater than the otherwise applicable offense level, the greater offense level is appropriate.

(Id. ¶ 35).

(continued...)

Inasmuch as defendant's guideline range for sentencing purposes was necessarily calculated by the court under the career offender guideline rather than as a drug quantity under the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified guideline section 2D1.1. The court, accordingly, ORDERS that defendant's motions to modify sentence be, and they hereby are, denied.

To the extent the defendant seeks further relief as stated in his motion filed on June 25, 2008, pursuant, <u>inter alia</u>, to <u>Kimbrough</u>, it is ORDERED that his request be, and it hereby is, denied. <u>See</u> <u>United States v. Dunphy</u>, 551 F.3d 247 (4th Cir. 2009). It is further ORDERED that the defendant's request for counsel be, and it hereby is, denied.

---

$^{1}$(...continued)
However, at sentencing, the court found the total amount of cocaine base attributable to the defendant, including offense and relevant conduct, to be only 19.62 grams, resulting in a Base Offense Level of 26. Nevertheless, due to the defendant's status as a Career Offender, the court found his Total Offense Level to be that of 34, with a Criminal History category of VI, resulting in a guideline range of 262 to 327 months. Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 24 if calculated under the revised section 2D1.1, the operation of Career Offender section 4B1.1 would yet result in his base offense level remaining at 34. <u>See</u> U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

**The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.**

ENTER: June 23, 2009

John T. Copenhaver, Jr.
United States District Judge