UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CHARLES DOGAN**

        Petitioner,

                                             CIVIL ACTION NO. 2:11-0863
**v.**                                           (Criminal No. 2:96-0066)

**UNITED STATES OF AMERICA,**

        Respondent.

MEMORANDUM OPINION AND ORDER

        Pending is petitioner's request for a writ of mandamus pursuant to 28 U.S.C. § 1361 filed November 3, 2011.

        This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

        Petitioner is presently discharging a sentence of 288 months imposed by the court following his plea of guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Petitioner noticed his appeal of the Judgment. The court of appeals affirmed on July 15, 1998. On February 11, 1999, petitioner sought relief pursuant to 28 U.S.C. § 2255, which was denied by the Judgment of this court entered May 23, 2000. His attempts thereafter to avail himself of

certain appellate remedies, as more fully described by the magistrate judge, ultimately failed.

The instant petition for a writ of mandamus essentially alleges that the court (1) impeded petitioner's ability to appeal, citing 28 U.S.C. § 753(b) dealing with court reporters,[1] (2) impermissibly participated in plea negotiations, (3) allowed counsel to render ineffective assistance, and (4) sentenced him as a career offender under the United States Sentencing Guidelines without the United States first filing an information to establish his convictions pursuant to 21 U.S.C. § 851(a).

On November 23, 2011, the magistrate judge filed her PF&R.  She notes that petitioner has not alleged that any federal

---

[1] Petitioner appears to contend that no record was made of the proceeding on August 21, 1996, resulting in the rejection of a proposed plea agreement.  An order entered that date states as follows:

> It is hereby ORDERED that the attached copy of the proposed plea agreement dated August 20, 1996, between the defendant and the United States, under which the defendant would plead guilty to count four of the indictment in this case, which proposed plea agreement was received and rejected by the court on this date <u>for the reasons set forth on the record of the proceedings in open court</u>, be, and the same hereby is, filed herewith.

(Dckt. 30 in Crim. Case (emphasis added)).  Petitioner has apparently never sought to have that portion of the record transcribed.  The court concludes that there is no merit to the allegation.

officer or employee owed, and failed to discharge, a mandatory duty owed to him.  She recommends that the court deny the petition for a writ of mandamus and petitioner's application to proceed without prepayment of fees and costs.

Having considered petitioner's objections filed December 5, 2011, it is apparent that the magistrate judge is correct.  Petitioner does not elaborate concerning any deficiencies in the transcribed record.  The court did not participate in plea negotiations.  Petitioner has not established either "that counsel's performance was deficient" or "that the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Finally, the United States need not file a section 851(a) information prior to the court qualifying a defendant for career offender treatment under the Guidelines.  <u>United States v. Foster</u>, 68 F.3d 86, 89 (4th Cir. 1995) ("As virtually every court to consider the issue of whether an information must be filed before the government can seek an enhanced sentence under the Sentencing Guidelines has concluded, section 851's requirement that the government file an information before entry of a guilty plea simply does not apply when the government seeks enhancements under the Guidelines.  We now join our sister circuits in expressly so holding.").

Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  No mandatory duty has been alleged or violated.  The court, accordingly, ORDERS as follows:

1. That the petition for a writ of mandamus be, and it hereby is, denied;

2. That the Application to Proceed Without Prepayment of Fees and Costs be, and it hereby is, denied; and

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the United States Magistrate Judge, petitioner, and all counsel of record.

DATED: December 15, 2011

_____
John T. Copenhaver, Jr.
United States District Judge